### English v. Commonwealth.

(Decided December 9, 1931.)

C. A McMILLAN for appellant.

J. W. CAMMACK, Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN—
Affirming.

Appellant was convicted of the offense of unlawfully having in his possession, not for sacramental, scientific, medicinal, or mechanical purposes, moonshine whisky, and, this being his second offense, he was sentenced to serve two years in the penitentiary.

Although numerous grounds for a new trial were relied upon in his motion and grounds filed for that purpose, none are asserted in this court, except that the verdict is flagrantly against the evidence. For the commonwealth, it was proven that acting under a search warrant, the officers visited the store of appellant, and as they entered, and before they could read to him the search warrant, he hastily snatched up a bucket and turned it into a lard can which contained some refuse water, but in emptying the contents of the bucket into the can he spilled some upon the floor which the officers, by the aid of a porous tea towel, mopped up from the floor and squeezed into a bottle which was produced on the trial and exhibited to the jury; the witness testifying that the contents were moonshine whisky. One of the other officers then went to a stove in the room and found therein a bottle of moonshine whisky, which was likewise produced at the trial. Appellant's reputation as a boot-

legger and the fact of his previous conviction for a violation of our present Prohibition Act (Laws 1922, c. 33) were clearly established. Furthermore, it was shown that appellant had been sent from a court in Lexington (no doubt the federal court) to the Atlanta Penitentiary, but on just what charge the record is silent. For the defense, the appellant claimed that he was making up a mixture in which he purposed washing a German police dog for the mange, that the lard can contained salty meat water, and he was pouring into the can denatured alcohol when the officers entered, and that what the officers mopped up was this denatured alcohol. He denied that any liquor was found in his stove, claiming that at the time the officers entered there was a fire in that stove. It was his theory that the officers were trying to "frame him," as he said. He had some witness to corroborate him that there was a fire in the stove at the time the officers entered. The appellant admitted his previous convictions for possessing intoxicating liquor and for the felony which sent him to Atlanta. From this resume of the evidence, it is obvious that this was a case for the jury, and that the contention that the verdict was flagrantly against the evidence cannot be sustained.

Judgment affirmed.